IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DANIEL D. MILLER,                          )          CASE NO. 8:20-cv-169
                                           )
      Plaintiff,                           )
                                           )          **PROTECTIVE ORDER**
vs.                                        )
                                           )
UNION PACIFIC RAILROAD                     )
COMPANY, a Delaware corporation,           )
                                           )
      Defendant.                           )


      Plaintiff, Daniel Miller, and Defendant, Union Pacific Railroad Company, have moved the court to enter this Agreed Protective Order regarding video evidence sought from UP.  Specifically, Plaintiff seeks locomotive video of the incident from UP 8872 on December 2, 2019, hereinafter "video evidence." Plaintiff agrees the video evidence will not be used for any purpose except in connection with the preparation and trial of this litigation.  The parties agree that Plaintiff and his agents and representatives shall be prohibited from reproducing and/or disseminating the video evidence to third parties outside of this case, including, but not limited to dissemination onto the internet or other electronic media.

      THEREFORE, IT IS ORDERED that the parties' request for entry of this Agreed Protective Order is GRANTED.

IT IS FURTHER ORDERED that Plaintiff and his agents and representatives shall adhere to and comply with the provisions of this Agreed Protective Order.  Specifically, they must comply with the following:

1.    Plaintiff and his agents and representatives shall not disclose the video evidence to anyone who is not involved in this case.

2.    Plaintiff and his agents and representatives shall not allow the video evidence to be disseminated onto the internet or other electronic media.

3.    Plaintiff and his agents and representatives will ensure that any third parties involved in this case who receive the video evidence (a) are advised of this Agreed Protective Order, (b) are provided a copy of this Agreed Protective Order, and (c) agree they will not further disseminate the evidence to anyone not involved in this case or onto the internet or other electronic media.

4.    Acceptance of the video evidence by Plaintiff, his agents and representatives, and third parties involved in this case constitutes their agreement and consent to be bound by this Agreed Protective Order.

5.    Counsel for a party or non-party witness shall have the right to exclude from depositions any person who is not authorized to view the video, but such right of exclusion shall apply only during the period of during which the video is being used or discussed.  Counsel may also move to limit who can watch the video during any evidentiary hearing or trial, with the ultimate decision to be made by the court.

6.    The termination of these proceedings does not relieve any person

from the obligations of this Agreed Protective Order.


ORDERED this 29th day of July, 2020.


*/s/ Cheryl R. Zwart*
Cheryl R. Zwart,
United States Magistrate Judge

3